UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. C06-4087-MWB |
| vs. ) | |
| ) | |
| RUSSELL T. HAWLEY and HAWLEY ) | |
| INSURANCE, INC., ) | |
| ) | |
| Defendants. ) | |

**THE UNITED STATES' MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO RECONSIDER THE ADMISSIBILITY OF
EVIDENCE OF DONALD KLUVER'S PLEA AGREEMENT**

The United States respectfully moves the Court to reconsider its prior ruling on the admissibility of evidence of Donald Kluver's plea agreement. In its June 23, 2008, "Memorandum Opinion and Order Regarding the Parties' Motions In Limine" this Court ruled that evidence of Donald Kluver's plea agreement was inadmissible because Mr. Kluver was available to provide direct testimony at trial. *See* Dkt. No. 47 at 60-62. On April 1, 2009, Donald Kluver died at the Crawford County Memorial Hospital in Denison, Iowa. *See* Attachment A. In light of Donald Kluver's unavailability to testify at trial, the United States respectfully requests that this Court reconsider its prior ruling and find that Donald Kluver's plea agreement and allocution are admissible under Rule 804(b)(3) and Rule 807.

**PROCEDURAL BACKGROUND**

The United States brought this False Claims Act action in October 2006 against Russell Hawley and his insurance agency, Hawley Insurance, Inc., (collectively "Defendants" or

1

"Hawley") alleging fraud in the Federal multi-peril crop insurance program. The case was initially set for trial on June 30, 2008.

On May 28, 2008, Defendants filed a motion in limine requesting, *inter alia*, that the Court exclude evidence of the plea agreement between Donald Kluver and the United States Attorney's Office for the Northern District of Iowa. *See* Dkt. No. 34. Defendants argued that the plea agreement contained inadmissible hearsay, double hearsay, and did not meet the definition of an admission by a co-conspirator under Fed. R. Evid. 801(d)(2)(E). *Id.* In response, the United States argued that Donald Kluver's plea agreement was admissible as admissions against interest pursuant to Rule 804(b)(3) or under the residual hearsay rule, Rule 807. *See* Dkt. No. 38.

In analyzing the issue, the Court noted that "Rule 804 exceptions expressly apply only when the declarant is unavailable . . . and the government has made absolutely no showing that the declarants in the plea agreements at issue will be unavailable at trial. *See* Dkt. No. 47 at 60. The Court also found that the guilty plea did not meet the requirements for admissibility pursuant to Rule 807 because the Court was not convinced that "the plea agreements are more probative than direct testimony by the declarants," or that "the admission of the plea agreements would comport with the general purpose of the rules. . . where, once again, the witnesses can be called to testify 'live' and can be subjected to cross-examination." *Id.* at 61-62. The Court ultimately granted the portion of Hawley's motion in limine that sought to exclude Kluver's plea agreement. *See id.* at 60-62.

In June 2008, the Court cancelled the trial and issued an order granting Defendants summary judgment on all counts on the grounds that *Allison Engine Co., Inc. v. United States ex rel. Sanders,* 553 U.S. 662, 662 (2008), foreclosed the government's claims under the False

Claims Act. The United States appealed, and Court of Appeals for the Eighth Circuit entered a judgment reversing the Court's decision to grant summary judgment to Defendants.

On December 8, 2010, the Court set a new trial date of September 19, 2011. The Court's Order Setting Trial requires parties to serve and file motions in limine on or before August 10, 2011. *See* Dkt No. 72 at 9-10 (requiring motions in limine to be filed 28 days before the final pretrial conference).

## FACTUAL BACKGROUND

On October 7, 2004, Donald Kluver ("Kluver") signed a proposed plea agreement with the United States Attorney's Office for the Northern District of Iowa. *See* Attachment B. In this memorandum of agreement, Kluver agreed to plead guilty to one count of making a false statement/federal crop insurance fraud in violation of 18 U.S.C. § 1014, one count of making a false statement/farm program fraud in violation of 18 U.S.C. § 1001, and one count of aiding and abetting bankruptcy fraud in violation of 18 U.S.C. § 152. *Id.* With regard to his role in the scheme to commit crop insurance fraud, Kluver stipulated and agreed that the following facts are true:

> **35B.** For the Crop year 2000, defendant and others known to the Grand Jury, devised a scheme to fraudulently conceal the true extent of defendant's farming operation to USDA so defendant could collect additional farm program and federal crop benefits he would not otherwise be entitled to.
>
> **35F.** On or about February 24, 2000, in the Northern District of Iowa, defendant and S.W. made, and caused to be made, Multi-Peril Crop Insurance Applications through Hawley Insurance, located in Vail, Iowa, for S.W.1 and S.W.2 to secure insurance coverage of the soybean crop in South Dakota. Defendant knew that S.W.1 and S.W.2 were not eligible to secure coverage because defendant was the true farmer of the South Dakota farming operation.

*Id.* at 12-13.[1]

On November 22, 2004, an Arraignment and Plea Taking was held before the Honorable Paul A. Zoss, Magistrate Judge, at the Federal Courthouse in Sioux City, Iowa. *See* Attachment C. Judge Zoss summarized the charges against Kluver and elicited a full and complete factual basis for all elements of the crimes charged in each Count. *Id.* During the allocution, Kluver confirmed that: (1) he knowingly and intentionally submitted a certified false multi-peril crop insurance production worksheet, (2) he knew that these false certifications were material, and (3) the multi-peril crop insurance production worksheet was within the jurisdiction of the Risk Management Agency, the Federal Crop Insurance Corporation, and the United States Department of Agriculture. *Id.* at 34-37.

Judge Zoss submitted a Report and Recommendation Concerning Plea of Guilty on November 22, 2004, *see* Attachment D, and this Court accepted Kluver's guilty plea on December 17, 2004. *See* Attachment E. On March 3, 2005, this Court filed a Judgment in a Criminal Case ordering Kluver to pay restitution in the amount of $378,878 and committing Kluver to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 3 months. *See* Attachment F. On April 1, 2009, Kluver died at the Crawford County Memorial Hospital in Denison, Iowa. *See* Attachment A.

## ARGUMENT

The United States intends to prove at trial that Hawley conspired with Donald Kluver, Sydney Winquist, and Stanley Winquist to submit false crop insurance applications and acreage reports for the purpose of getting claims approved by the government. The United States intends to offer Kluver's plea agreement and allocution to prove the material fact that Kluver was

---

[1] S.W.1 refers to co-conspirator Sydney Winquist and S.W.2 refers to co-conspirator Stanley Winquist. The United States plans to call both co-conspirators to testify at trial.

involved in the fraudulent scheme with Defendants to obtain crop insurance benefits and knowingly made false statements in furtherance of that scheme. In light of Kluver's death and his unavailability at trial, the United States respectfully requests this Court to reconsider its prior ruling on the admissibility of Kluver's plea agreement and allocution under Rule 804(b)(3) and Rule 807.

## I. Kluver's Plea Agreement and Allocution Are Admissible under Rule 804(b)(3) as Statements Against Interest.

Statements against interest are not excluded by the hearsay rule if the declarant is unavailable as a witness. *See* Fed. R. Evid. P. 804(b); *United States v. Hazelett*, 32 F.3d 1313, 1316 (8th Cir. 1994). Rule 804(b)(3) defines a statement against interest as follows:

> (3) **Statement against interest**. – A statement that:
> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Fed. R. Evid. P. 804(b)(3).

Applying the requirements of Rule 804(b)(3) to this case, Kluver's plea agreement and allocution are admissible because: (A) Kluver's death makes him unavailable as a witness; (B) Kluver's plea agreement and allocution were against his penal, pecuniary and proprietary interests; and (C) corroborating circumstances clearly indicate the trustworthiness of the statements in the plea agreement and allocution.

### A. Donald Kluver is unavailable at trial.

"Unavailability of a witness" includes situations in which the declarant "is unable to be present to testify at the hearing because of death or then physical or mental illness or infirmity."

5

Fed. R. Evid. P. 804(a)(4). On April 1, 2009, Donald Kluver died in Denison, Iowa. *See* Attachment A. Kluver's death satisfies the requirement under Federal Rule 804 that the declarant be unavailable. *See, e.g., De Luryea v. Winthrop Laboratories, Div. of Sterling Drug, Inc.*, 697 F.2d 222, 226 (8th Cir. 1983).

> **B. Donald Kluver's plea allocution and plea agreement are statements against interest because they tended to subject him to criminal liability and potential civil liability.**

Rule 804(b)(3) allows the admission of a hearsay statement by an unavailable witness if that statement at the time of its making so far tended to subject the declarant to civil or criminal liability that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. *See* Fed. R. Evid. 804(b)(3). This exception rests on the notion that "[r]easonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true." *Williamson v. United States*, 512 U.S. 594, 599 (1994).

Here, Kluver was charged with making false statements to defraud the United States government in violation of 18 U.S.C. §§ 1001, 1014. These offenses are felonies that carry significant penalties. Yet, Kluver pleaded guilty and admitted his knowing participation in a scheme to fraudulently obtain payments under two federal programs. Given that Kluver's plea agreement and allocution were clearly contrary to his own penal, pecuniary and proprietary interests, the plea agreement and allocution fall squarely within the ambit of Rule 804(b)(3).

It is important to note that the Kluver plea contains direct admissions of guilt and therefore is not an *Alford* plea. *See, e.g., United States v. Johnson*, 326 F.3d 934, 936 n.2 (8th Cir. 2003) ("Unlike a defendant making an ordinary guilty plea, a defendant making an *Alford* plea maintains his innocence of the offense charged.") (citing *North Carolina v. Alford*, 400 U.S.

6

25, 37 (1970)). In a previous filing to the Court, Defendants represented that "the Kluver and Hoffman pleas concerning insurance fraud were *Alford* pleas." Dkt. 39 at 7 (Reply to Plaintiff's Resistance to Defendants' Motion in Limine). This is incorrect. The Kluver plea was not an *Alford* plea because Kluver did not maintain his innocence of the offense charged. To the contrary, during his allocution the Court confirmed that Kluver was, in fact, guilty of the crimes charged by the government:

> THE COURT: Do you think you understand all three counts and what the government's charging you did, what they'd have to prove, and that you're, in fact, guilty of what they're charging?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you agree with all that?
>
> THE DEFENDANT: Yes.

Attachment C at 41.

Further, under 31 U.S.C. § 3731(d), these statements and the guilty plea itself would have collaterally estopped Kluver from denying the essential elements of a civil False Claims Act action to recover the money Kluver obtained from the government by fraud. For this reason, too, the statements were admissions against interest under Federal Rule of Evidence 804(b)(3).

### C. Corroborating circumstances clearly indicate the trustworthiness of the plea agreement and allocution.

Kluver's guilty plea and allocution bear particularized guarantees of trustworthiness sufficient to merit its admission under Rule 804(b)(3). Indeed, it is hard to conceive of any admission more incriminating to the maker or surrounded by more safeguards of trustworthiness than a plea of guilty in a federal court.

First, Kluver's statements were made in open court before Magistrate Judge Zoss, under oath, and with the assistance of counsel. Kluver was represented at the arraignment and plea

taking by Robert A. Lengeling, Esq., and Mr. Lengeling stated his belief that Kluver understood the elements of the charges and that the government's discovery materials supported a factual basis for a guilty plea to the charges. *See* Attachment C at 41.

Second, Kluver was advised of his constitutional rights and was informed that by pleading guilty he waived his right to a jury trial or any other trial. *Id.* at 18. Kluver indicated that he understood that, by pleading guilty, he would be adjudged guilty based on his plea just as if a jury had returned a guilty verdict against him. *Id.*

Third, pursuant to Fed. R. Crim. P. 11, Kluver's plea was accepted only after determining that that the plea was knowing and voluntary. On December 17, 2004, this Court accepted Judge Zoss's Amended Report and Recommendation and accepted defendant's plea of guilty in this case to Counts 1, 2, and 3. *See* Attachment E.

Fourth, the plea agreement subjected Kluver to significant criminal penalties. Before Kluver admitted his participation in the fraud, Judge Zoss informed Kluver that Counts 1 and 2 (regarding the farm program fraud and crop insurance fraud) each carried penalties of up to 5 years in prison, fines of up to $250,000, and supervised released for up to 3 years. *See* Attachment C at 11.

Fifth, Kluver's plea agreement and allocution were self-inculpatory and not intended to minimize his own role in the fraudulent scheme.

In summary, Kluver's guilty plea, based on the plea agreement, (1) was made in open court, under oath, and with the advice of counsel, (2) was made after Kluver was advised of his constitutional rights, (3) was accepted by the court in the criminal matter only after the court determined that Kluver's plea was knowing and voluntary, (4) subjected Kluver to significant criminal penalties, and (5) was not intended to minimize his own role in the fraudulent scheme.

Taken together, these corroborating circumstances demonstrate the trustworthiness of the statement and strongly favor the admissibility of this evidence. For all of these reasons, the United States respectfully requests that the Court reconsider its prior ruling and find that the plea agreement and allocution are admissible at trial.

## II.  Kluver's Plea Agreement is Admissible Under Rule 807

As this Court explained in its June 23, 2008 ruling on the parties' motions in limine, the Eighth Circuit has identified five factors for admissibility under Rule 807:

> 1) that the evidence have circumstantial guarantees of trustworthiness, 2) that the evidence be offered to prove a material fact, 3) that the evidence be more probative on the point offered than any other evidence which the proponent can procure through reasonable efforts, 4) that the proponent has served prior notice to the adverse party in advance of trial, and 5) that admission would comport with the general purpose of the rules and be consistent with the interests of justice. Fed. R. Evid. 807."

Dkt. 47 at 60 (quoting *United States v. Banks*, 514 F.3d 769, 777). The Court noted that Kluver's plea agreement satisfies the first, second and fourth factors under Rule 807, *Id.* at 61, but does not meet the remaining requirements for admissibility pursuant to Rule 807.

With regard to probative value (the third factor), the Court agreed that the plea agreement and allocution is probative of declarant's role in the scheme, but did not agree that "the plea agreements are more probative than direct testimony by the declarants." *Id.* Because Kluver is no longer available to testify at trial, Kluver's plea agreement and allocution are now among the most probative pieces of evidence available to prove the facts of Kluver's involvement in the fraudulent scheme and his knowing participation in the scheme. To the extent that the plea agreement may have any prejudicial effect on Defendants, the probative value of this evidence far outweighs any such effect.

9

With regard to the final factor, the Court was not convinced that "the admission of the pleas agreement would comport with the general purpose of the rules and be consistent with the interests of justice. . . where, once again, the witnesses can be called to testify 'live' and can be subjected to cross-examination." *Id.* at 61-62. In light of Kluver's unavailability, the general purposes of the rules and the interests of justice now support the admissibility of Kluver's plea agreements because it will provide the jury with key facts regarding Kluver's involvement in the scheme. The hearsay rule "is designed to prevent the admission of unreliable hearsay but to permit through its many exceptions the admission of reliable hearsay." *Ferrier v. Duckworth*, 902 F.2d 545, 547 (7th Cir. 1990). Neither the interests of the hearsay rule nor the interests of justice are served by excluding evidence of Kluver's plea agreement and allocution. To the contrary, the rules clearly contemplate the admissibility of this evidence in circumstances where, as here, the declarant is decesased.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court reconsider its prior ruling and find that Donald Kluver's plea agreement and allocution are admissible under Rule 804(b)(3) and Rule 807.

Dated: August 10, 2011

    TONY WEST
    *ASSISTANT ATTORNEY GENERAL*

    __/s/ Jeffrey A. Wertkin__

    JOYCE R. BRANDA
    MICHAEL GRANSTON
    JEFFREY A. WERTKIN
    *ATTORNEYS*
    U.S. Department of Justice, Civil Division
    Post Office Box 261, Ben Franklin Station

10

Washington, D.C. 20044
Telephone:  202-305-3911
Jeffrey.A.Wertkin@usdoj.gov

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2011, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION IN LIMINE FOR RECONSIDERATION with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>William M. Lamson, Jr.
>Stacy L. Morris
>Lamson, Dugan and Murray, LLP
>10306 Regency Parkway Drive
>Omaha, NE 68114-3743
>wlamson@ldmlaw.com
>smorris@ldmlaw.com

                     */s/ Jeffrey A. Wertkin*
                        Jeffrey A. Wertkin